IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

AMERICAN BANKERS LIFE ASSURANCE
COMPANY OF FLORIDA, ET AL., PLAINTIFFS,

VS. CIVIL ACTION NO. 2:04CV188-P-A

IDA MAE WEEKS, DEFENDANT.

## MEMORANDUM OPINION

This cause comes before the court upon Plaintiffs' Motion for Summary Judgment and for Stay of Underlying Action [11-1]. Upon due consideration of the motion and the responses filed thereto the court is prepared to rule.

### I. FACTUAL BACKGROUND

The plaintiffs in the instant case, hereinafter referred to as the Insurance Companies, filed the instant action to compel arbitration under the Federal Arbitration Act, 9 U.S.C. § 4, of Ida Mae Weeks's claims asserted against the Insurance Companies in the underlying action of *Walton v. Tower Loan, et al.*, Civil Action No. 2:03CV181-M-A. *Walton* was originally filed in the Circuit Court of Coahoma County, Mississippi in December 2002 and involves some 21 insureds' claims of allegedly predatory lending practices by the Insurance Companies. The Insurance Companies removed to federal court before Judge Michael P. Mills who then remanded the case to state court after granting the insureds' motion to remand.

In the instant case, the Insurance Companies argue that Weeks's claims asserted in the

1

*Walton* suit clearly fall under the reach of the arbitration agreement signed by Weeks. Weeks does not dispute the validity or scope of the arbitration agreement, nor does she dispute that she signed it. Rather, Weeks's response to the instant motion for summary judgment is that the arbitration clause is invalid because it is unconscionable, there was a lack of consideration, and there was non-disclosure. Weeks further requests discovery regarding these defenses.

The Insurance Companies reply that there is no need for discovery since it is undisputed that Weeks signed the agreement containing the arbitration clause, the clause was conspicuously placed and clearly worded, and there is no allegation that Weeks cannot read.

## II. CONCLUSION

The Insurance Companies have cited ample case law to support their position regarding summary judgment, which the court adopts and incorporates herein. Conversely, Weeks has not. The court concludes that taking into account the strong federal policy in favor of arbitration agreements as enunciated by the FAA, the Insurance Companies have cogently established that there was a valid agreement to arbitrate between the parties and that the dispute in question in the underlying *Walton* action falls within the scope of that arbitration agreement. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 257-58 (5th Cir. 1992). Furthermore, there is no need for discovery regarding these issues because the court's conclusion is readily apparent from the facts at hand.

Plaintiffs' Motion for Summary Judgment and for Stay of Underlying Action [11-1] should be granted, Ida Mae Weeks must submit her claims to arbitration pursuant to the agreement between her and the Insurance Companies, and the underlying *Walton* action should

be stayed with respect to Weeks' claims pending the outcome of arbitration. An order shall issue forthwith,

**THIS DAY** of April 19th, 2005.

                                                   /s/ W. Allen Pepper, Jr.
                                                 W. ALLEN PEPPER, JR.
                                                 UNITED STATES DISTRICT JUDGE